IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| LINDA TOUCHSTONE AND § | | |
| REALIOUS TOUCHSTONE § | | PLAINTIFFS |
| § | | |
| v. § | | CAUSE NO. 1:04CV886 |
| § | | |
| STARR MANUFACTURED HOMES, § | | |
| ET AL. § | | DEFENDANTS |

**MEMORANDUM OPINION AND ORDER GRANTING
DEFENDANT SOUTHERN ENERGY HOMES, INC'S
MOTION FOR SUMMARY JUDGMENT**

THE MATTER BEFORE THE COURT is the Motion for Summary Judgment [37] filed by the last remaining defendant in this case, Southern Energy Homes, Inc. ("Southern Energy"). The Plaintiffs have filed a response to the motion, and Southern Energy has filed its rebuttal. After due consideration of the submissions and the relevant law, it is the Court's opinion that there is no question of material fact for the jury, and summary judgment should be granted.

DISCUSSION

Plaintiffs purchased a mobile home manufactured by Southern Energy in the Spring of 1998. They allege that the manufacture and/or installation of the home was defective, resulting in mold and mildew growing in the home, which caused Plaintiff Linda Touchstone to suffer numerous health problems.[1]  The parties appear to agree that Plaintiffs' personal injury claims against Southern Energy are based on theories of negligence, breach of contract and breach of warranty. Southern Energy argues that applicable statutes of limitation bar Plaintiffs claims.

---

[1] Plaintiff Realious Touchstone testified in his deposition that he has no health problems related to the mold and mildew in the mobile home. *See* Exh. 7 to Defendant's Motion, pgs. 2-3.

TIMELINESS OF NEGLIGENCE CLAIMS:

Southern Energy contends that the Plaintiffs' negligence claims are barred by Mississippi's three year "catch-all" statute of limitations set out in MISS. CODE § 15-1-49.  *See Owens v. Mai*, 891 So.2d 220, n.2 (Miss. 2005).  Plaintiffs argue that the discovery provision of § 15-1-49 tolled the limitations period until October 2003, when Plaintiffs hired an independent inspector and were informed that manufacturing and installation defects were contributing to mold growth in the home.

The discovery provision is contained in MISS. CODE § 15-1-49(2), which states:

> (2)  In actions for which no other period of limitation is prescribed and which involve latent injury or disease, the cause of action does not accrue until the plaintiff has discovered, or by reasonable diligence should have discovered, the injury.

*Id.*  A latent injury is defined as one where the plaintiff is precluded from discovery of the harm or injury because of the secretive or inherently undiscoverable nature of the wrongdoing in question, or when it is unrealistic to expect a layman to perceive the injury at the time of the wrongful act.  *PPG Architectural Finishes, Inc. v. Lowery*, 909 So.2d 47, 50 (Miss. 2005) (citations omitted).  The Mississippi Supreme Court has specifically applied the discovery rule in cases of  negligence or products liability involving latent injury.  *Owens-Illinois, Inc. v. Edwards,* 573 So.2d 704, 709 (Miss. 1990)("the cause of action accrues and the limitations period begins to run when the plaintiff can reasonably be held to have knowledge of the injury or disease."). The *Edwards* decision established an objective standard of reasonable knowledge for determining when such causes of action accrue.

The issue of whether a suit is barred by the statute of limitations may be a question of fact for the jury.  However, the Mississippi Supreme Court has held that "as with other putative fact

questions, the [statute of limitations] question may be taken away from the jury if reasonable minds could not differ as to the conclusion." *Smith v. Sanders,* 485 So.2d 1051, 1053 (Miss. 1986).  Therefore, based on *Smith* and *Edwards,* this Court must determine whether there is a genuine issue of material fact as to when the Plaintiffs had reasonable knowledge of their injury, i.e., when the cause of action accrued.

Plaintiffs' mobile home was delivered to their property sometime in August 1998. Plaintiff Linda Touchstone remembers the time frame as "middle to end of August, maybe,"(Exh. 6 to Defendant's Motion, pg. 6), while Southern Energy's records show that the home was installed on the property as of August 3, 1998. (Exh. 8 to Defendant's Motion).  According to Ms. Touchstone, in 1999 or 2000 she and her husband began noticing that the ceiling was becoming grey, and looked like it needed painting.  (Exh. 6 to Defendant's Motion, pgs. 10, 17). She identified the cause as mold as evidenced by records of phone calls to and from the lien holder, Bombardier Capital:

- On October 2, 2000, Ms. Touchstone relayed that she "has mold n [sic] her walls & her roof is also messd [sic] up."
- On November 15, 2000, Touchstone indicated that she "has mildew all over her home inside the walls are buckled .. due to the mildew.. she has been sick .. due to the mildew and so has her granbaby [sic] who lcves [sic] with her."

Exh. 4 to Defendant's Motion, pgs. 26, 30-31.

Furthermore, the Plaintiffs filed a bankruptcy petition under Chapter 13 of the Bankruptcy Code on August 13, 2001, listing in their schedules a "possible claim against Starr Manufactured Homes and/or Southern Lifestyles for mold and mildew in the house." Exh. 3 to Defendant's Motion, pg. 8.

This lawsuit was filed on August 31, 2004.  It appears from the evidence presented to the

Court that Plaintiffs' causes of action accrued more than three years prior to the date their lawsuit was filed because they had reasonable knowledge that mold was growing in the home as early as 2000, and even listed a possible claim against the manufacturer in their August 13, 2001 bankruptcy filing.  All of these dates are more than three years before the date Plaintiffs filed this lawsuit.  The Court therefore finds that as a matter of law, Plaintiffs' negligence claims are barred by the statute of limitations contained in MISS. CODE § 15-1-49.

TIMELINESS OF BREACH OF CONTRACT AND WARRANTY CLAIMS:

Mobile homes at time of retail sale are "goods" within the meaning of the Uniform Commercial Code.  *Guerdon Industries, Inc. v. Gentry*, 531 So.2d 1202 (Miss. 1988).  A contract for the sale of goods is governed by the Mississippi Uniform Commercial Code, MISS. CODE § 75-1-101, *et seq*.  A breach of this contract, or its explicit or implied warranties, is governed by the statute of limitations contained in MISS. CODE § 75-2-725.  *See Maly v. Magnavox Co.*, 460 F.Supp.47 (N.D. Miss. 1978) (Mississippi [three]-year statute of limitations applicable to actions not otherwise specifically provided for was applicable to negligence claim and strict liability in tort claim, but section of Mississippi's Uniform Commercial Code providing six-year limitations period for action for breach of contract of sale and specifying when cause of action accrues was applicable to claimed breach of implied warranties of merchantability and of fitness for a particular purpose.).

MISS. CODE § 75-2-725 provides in relevant part:

(1) An action for breach of contract for sale must be commenced within six (6) years after the cause of action has accrued.

(2) A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach.  A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to

future performance of goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered.

MISS. CODE § 75-2-725.

Thus, the Plaintiffs' claims for breach of contract and breach of warranty were required to have been filed within six years of the date they accrued.  Because there is no evidence showing that the warranty explicitly extended to future performance of goods, Plaintiffs' claims accrued on the date delivery was tendered, which was sometime in August 1998.  *Huff v. Hobgood*, 549 So.2d 951 (Miss. 1989).  In reviewing a motion for summary judgment, a court must make all inferences in favor of the nonmoving party. Yet, guesswork and speculation simply cannot serve as a basis for sending a case to a jury.  *Fluorine On Call, Ltd. v. Fluorogas Ltd.*, 380 F.3d 849, 864 (5th Cir. 2004) (citations and internal quotation marks omitted).  Thus, the Court concludes that Plaintiffs have failed to show that there is a question of material fact as to the date of accrual of the contract and warranty claims.  From the evidence presented, it appears that these claims accrued before August 31, 1998.  They are therefore barred by the six-year statute of limitations in MISS. CODE § 75-2-725.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion for Summary Judgment [37] filed by Southern Energy Homes, Inc. is **GRANTED**.  Plaintiffs' claims against the Defendant are **DISMISSED**.

**SO ORDERED AND ADJUDGED** this the 3th day of August, 2006.

                                          s/ *Louis Guirola, Jr.*
                                          LOUIS GUIROLA, JR.
                                          UNITED STATES DISTRICT JUDGE